1  ANDREW STOLTMANN, ESQ.
   ALEXANDER N. LOFTUS, ESQ.
2  STOLTMANN LAW OFFICES, P.C.
3  10 South LaSalle Street, Suite 3500
   Chicago, Illinois 60003
4  Telephone: (312) 332-4200
   andrew@stoltlaw.com
5  alex@stoltlaw.com
   *Pro Hac Vice Pending*
6
7  JOSHUA B. KONS. ESQ. (CAL BAR NO. 244977)
   LAW OFFICES OF JOSHUA B. KONS, LLC
8  939 West North Avenue, Suite 750
   Chicago, Illinois 60642
9  Telephone: (312) 757-2272
   joshuakons@konslaw.com
10
11 *Attorneys for Plaintiff and for the Proposed Class*

12                  **UNITED STATES DISTRICT COURT**
13                  **CENTRAL DISTRICT OF CALIFORNIA**

14 TAMARA CLAIBORNE, AND NOEL HAVER-        Case No.: 5:17-cv-771
   HABIB, and on behalf of the class members
15 described below,

16              Plaintiff,                   **CLASS ACTION COMPLAINT FOR:**

17 vs.                                       **(1) Negligence-Respondeat Superior;**
                                             **(2) Negligence-Direct;**
18 WATER OF LIFE COMMUNITY CHURCH, a         **(3) Violation Of Consumer Legal Remedies**
   California corporation,                   **Act § 1750, Et Seq; and**
19                                           **(4) Violation Of Unfair Business Practice Act**
              Defendant.                     **§ 17200, Et Seq.**
20
21                                           **JURY TRIAL DEMANDED**

22                      **CLASS ACTION COMPLAINT**
23
24      1.      Plaintiffs, TAMARA CLAIBORNE and NOEL HAVER-HABIB, bring this class

25 action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf all

26 others similarly situated, and allege the following:

27 ///

28                                      1
                            **CLASS ACTION COMPLAINT**

## I.    INTRODUCTION

1.    "And he went into the temple, and began to cast out them that sold therein, and them that bought; Saying unto them, It is written, My house is the house of prayer: but ye have made it a den of thieves." Luke 18:45-46

2.    Water of Life Community Church ("Water of Life" or the "Church") materially assisted and otherwise participated in a fraudulent investment scheme orchestrated by convicted swindler Paul Ricky Mata ("Mata"), a Church Elder and agent paid by the Church to instruct members on how to invest their money. Water of Life knowingly or recklessly assisted Mata's fraudulent scheme by requiring members of the Church to participate in programming with the charlatan, including investment seminars promising "Indestructible Wealth" and "Finances God's Way." Water of Life made participation in the con-man's programming an integral part of the Church's educational programming and a prerequisite to full participation in the Church.

3.    Water of Life compensated Mata for "educating" its members, and, in turn, received substantial donations from Mata and his co-conspirators.

## II.    THE PARTIES

4.    Plaintiffs Tamara Claiborne and Noel Haver-Habib are former members of Defendant Water of Life Community Church.

5.    Water of Life is a non-denominational evangelical church founded in 1990 located at 7623 East Avenue, Fontana, California.

6.    Water of Life is registered with the State of California as corporation. California Corporate Number C1803763.

## III.    JURISDICTION AND VENUE

7.    Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

2

**CLASS ACTION COMPLAINT**

8.      Aggregate claims of individual Class Members exceed $5,000,000, exclusive of interest and costs.

9.      At least one Class Member is a citizen of another state. 28 U.S.C. § 1332(d)(1)(D).

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

11.     Defendant is deemed to reside in this district pursuant to 28 U.S.C. § 1391(c), so personal jurisdiction is appropriate.

**IV.    CLASS ALLEGATIONS**

12.     Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and all others similarly situated, comprising a class consisting of "*all persons in the United States who are current or former members of the Water of Life Church and invested with Mata after attending an investment seminar at Water of Life Church.*"  (the "Class").

13.     Plaintiffs are members of the Class.

14.     Excluded from the Class are judicial personnel involved in considering the claims herein, all persons and entities with claims for personal injury, the defendants, any entities in which the defendant has a controlling interest, and all of their legal representatives, heirs and successors.

15.     It is estimated that the Class consists of more than one hundred persons throughout the continental United States. The members of the Class are so numerous that joinder of all members, whether otherwise required or permitted, is impracticable. The exact number of Class members is presently unknown to Plaintiffs, but can easily be ascertained from Defendants records.

16.      There are numerous questions of law or fact common to the members of the Class which predominate over any questions affecting only individual members and which make class certification appropriate in this case, including:

a.      Whether Defendant, acting individually or collectively with its agents, failed to properly supervise Mata;

3

**CLASS ACTION COMPLAINT**

b.     Whether Defendant, acting individually or collectively with its agents, negligently retained Mata;

c.     Whether Defendant, acting individually or collectively with its agents, negligently provided financial advice to Plaintiffs;

d.     Whether Defendant violated the Unfair Business Practice Act Cal. Civ. Code § 17200, *et seq.*; and

e.     Whether Defendant violated the California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

17.     The claims asserted by the named Plaintiffs are typical of the claims of the members of the Class.

18.     This class action satisfies the criteria set forth in Fed. R. Civ. P. 23(a) and 23(b)(3) in that Plaintiffs are members of the Class; Plaintiffs will fairly and adequately protect the interests of the members of the Class; Plaintiffs' interests are coincident with and not antagonistic to those of the Class; Plaintiffs have retained attorneys experienced in class and complex litigation; and Plaintiffs have, through their counsel, access to adequate financial resources to assure that the interests of the Class are adequately protected.

19.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

a.     It is economically impractical for most members of the Class to prosecute separate, individual actions;

b.     After the liability of Defendant has been adjudicated, the individual and aggregate claims of all members of the class can be determined readily by the Court; and

c.     Litigation of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to the individual Class members that would

4

substantially impair or impede the ability of other Class members to protect their interests.

20.    Class certification is also appropriate because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate declaratory and/or injunctive relief with respect to the claims of Plaintiff and the Class members.

**V.    FACTS COMMON TO ALL COUNTS**

21.    Mata has been a member of Water of Life since near its founding and at all relevant times a close personal friend of Water of Life's CEO, Dan Carroll ("Carroll").

22.    Water of Life generally required its members who wanted to advance in the Church hierarchy to take investment and financial planning courses taught by its employee and agent Mata.

23.    Church members were generally required to participate in Mata's investment and financial planning course to become officially listed in the membership directory of the Church.

24.    Water of Life held out Mata as a reputable and reliable financial professional as it vigorously steered members to Mata's seminars, classes, and investment advisory business.

25.    Mata supposedly taught Church members how to "invest God's way" – meaning that he would teach Church members how to invest in a socially and religiously responsible way that was consistent with the Church's teachings.

26.    Of course, Mata – who since April 2009 was not registered to sell securities – had a host of unregistered securities and illegal investment advisory arrangements that he steered unsuspecting Church members into.

27.    Mata was the registered principal and supervisor for an independent contractor investment advisory branch office of Ameriprise Financial. Ameriprise terminated Mata for violating company policies by selling away, recommending that clients take out risky loans to finance investments, presenting unapproved seminars, employing individuals without conducting proper

**CLASS ACTION COMPLAINT**

background checks, and operating Secured Capital Investments LLC, ("SCI") as a competing investment company.

28.    Sometime after 2009, Mata formed Wealth Advisors, where he served as principal and investment adviser representative.

29.    On July 30, 2010, the Nevada Secretary of State obtained a cease-and-desist order against Mata, SCI, and Wealth Advisors for soliciting investment in an unregistered security and engaging in unlicensed investment advising.

30.    On March 22, 2011, FINRA suspended Mata from association with any FINRA member firm for one-year and fined him $10,000, citing Mata's misconduct at Ameriprise.

31.    In 2014, Mata also was suspended for five months by California Department of Business Oversight based on FINRA's suspension.

32.    In 2012, Mata's Series 7, 9, 10, 24, and 63 securities licenses all expired.

33.    Despite his suspensions and the lapse of his licenses, Mata continued to serve as an unregistered financial advisor for his clients.

34.    Water of Life represented on its website that its "experienced Christian advisors [Mata] will teach on prosperity, and generosity. Learn keys of faithful stewardship in wealth management." As a Church Elder and a teacher at the Church's School of Ministry (in which he was acting in his capacity as an employee and agent of the Church) Mata was held out to be one of those experienced Christian advisors.

35.    Plaintiffs reasonably believed that the investments Mata recommended were approved by or otherwise consistent with the Church's teachings. As an employee and agent of the Church, the Church had every ability to directly or indirectly control the substance of the seminars, and prohibit the actual or implied "sales pitch" that Mata was giving the members as opposed to unbiased, legitimate education on investing.

**CLASS ACTION COMPLAINT**

36.    The Church required students in the its School of Ministry to take classes taught by Mata such as "Finances God's Way" and "Indestructible Wealth" in order to graduate.

37.    The Church required its members to take the "Financial Stewards" workshop or another similar class taught by Mata in order to appear in the Church's membership directory.

38.    Church members raised concerns over Mata's investment philosophies as being non-traditional in nature and felt uncomfortable Mata's overt solicitation rather than instruction.

39.    The Church quickly dismissed any questions that members raised about Mata's seminars and rejected proposals for other more legitimate personal finance curriculum such as those modeled after personal finance expert Dave Ramsey.[1]

40.    The Church knew or reasonably should have known that Mata was terminated by Ameriprise Financial in 2008 for violating company policies by recommending that clients take out risky loans to finance investments, presenting unapproved seminars, and employing individuals without conducting proper background checks.

41.    The Church knew or reasonably should have known of a July 30, 2010 cease-and-desist order that the Nevada Secretary of State obtained against Mata and his associates for soliciting investments in an unregistered security and engaging in unlicensed investment advisory activities.

42.    The Church knew or reasonably should have known that on March 22, 2011 FINRA prohibited Mata him from association with any brokerage firm for one-year and fined him $10,000 for selling unapproved investments, and for providing exaggerated or unwarranted claims in his sales literature.

43.    The Church knew or reasonably should have known that Mata's securities licenses expired in 2012.

---

[1] Not surprisingly, after the fallout with the Paul Mata issue the Church has adopted a conventional approach to investment education, and even states that members can now learn Dave Ramsey's approach. Had the Church authorized a conventional financial education program in the first place, the Plaintiffs would not have suffered the losses that they did as a result of a financial predator cloaked in the authority of God.

**CLASS ACTION COMPLAINT**

44.     All of these regulatory red flags would have been easily discovered with a cursory Internet search which would reveal these material issues on his FINRA BrokerCheck report or even links to the State of Nevada or State of California discipline.

45.     The Church employed a formal process for reviewing the background of employees and agents prior to allowing them to serve in various capacities within the Church. A reasonably prudent organization would have similar measures to ensure that those engaged or employed in various capacities within the Church were competent, and did not needlessly endanger the members as a result of any questionable activity revealed as a result of a background check.

46.     The Church had a duty to ensure that Mata was competent to teach the seminars, and that the Church was not needlessly endangering the members by having someone teach the seminars that was unlicensed and had been disciplined for violations of state and federal securities laws.[2]

47.     Despite these duties, the Church breached the duty of ordinary care by failing to detect that Mata was an unsuitable teacher and in fact a financial predator preying on its flock.

48.     As a result of Water of Life steering Plaintiffs and Class Members to Mata and holding him out as a reputable investment and financial consultant, Plaintiffs invested substantial sums in various unregistered securities, such as SCI, Logos Real Estate Holdings LLC, World Gardens Café, and other Mata-related investments. Mata also controlled some of the Church members' conventional brokerage accounts through a power of attorney designation.

49.     Mata misappropriated the Plaintiffs and Class Members funds by either using their funds for his own personal use or diverting them to other affiliated entities.

50.     Between 2012 and 2014 Claiborne and Haver-Habib invested a total of $1,240,000 with Mata.

---

[2] The Church had mechanisms to screen those working in various Church functions, such as in the Church nursery. This helps prevent individuals, such as registered sex offenders, from working in capacities where they could take advantage of the vulnerable. As it would certainly fall below the standard of care to have a sexual predator work in the Church nursery, it too is below the standard of care to have a financial predator teach required classes on investing.

8

**CLASS ACTION COMPLAINT**

51.     Plaintiffs and Class Members were initially solicited by Mata on Church property at a seminar and the investments would not have been made by Claiborne, Haver-Habib, and Class Members but for Mata's connection to the Church and the Church's apparent endorsement.

52.     Beginning in 2008 through the present, Mata raised over $14 million from over 100 investors by soliciting investments in SCI and LREH (collectively, the "Funds"). Mata induced investors into investing in the Funds using investment seminars promising "Indestructible Wealth" and "Finances God's Way."

53.     Mata falsely promised "guaranteed" returns, misrepresented SCI's use of proceeds, misused investor funds, failed to disclose his disciplinary history and his control of SCI to his advisory clients, and otherwise engaged in a variety of conduct that operated as a fraud and deceit on investors. Finally, the securities of SCI and LREH were never registered with the SEC, as is required under the registration provisions of the state and federal securities laws. Investors with Mata suffered virtually a complete loss on their investments.

54.     Mata misappropriated the Plaintiffs and Class Members funds by either using their funds for his own personal use, or diverting them to other affiliated entities.

55.     The fraudulent scheme ended in September 2015 when the Securities & Exchange Commission filed an emergency action in the U.S. District Court for the Central District of California, Case No. ED CV 15-01792 VAP. According to the SEC, Mata had raised $14.5 million from over 100 investors, many of whom many were, like Plaintiffs, members of the Water of Life. (Judgment Order Attached hereto as Exhibit "A" and incorporated herein).

56.     After the revelation of the fraud in late 2015, each of the Plaintiffs went to Carroll for financial help after being wiped out as a result of the illegal activity of the Church's employee and agent.

9

**CLASS ACTION COMPLAINT**

57.     Carroll's response to their pleas for financial assistance was that he did not "get involved in money matters".

58.     The Church is one of the wealthiest and fastest growing businesses in the region, and is building a $20 million new campus for its members, and most certainly had the means to create a restitution fund for its victims.

59.     Plaintiffs' repeated efforts to discuss the matter with Carroll were rejected, and ultimately the Plaintiffs had no choice but to leave the Church that left them financially ruined.

60.     Claiborne and Haver-Habib lost 100% of their investments with Mata totaling $1,240,000.

**AGENCY ALLEGATIONS**

61.     Water of Life retained Mata as its agent to provide financial and investment education advice to members as a part of Church programs.

62.     The Church held out Mata as its agent and teacher at its School of Ministry

63.     An agency is actual when the agent is really employed by the principal. Cal. Civ. Code § 2299.

64.     A ratification can be made only in the manner that would have been necessary to confer an original authority for the act ratified, or where an oral authorization would suffice, by accepting or retaining the benefit of the act, with notice thereof. Cal. Civ. Code § 2310.

65.     Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess. Cal. Civ. Code § 2317.

66.     Mata conducted his seminars at the Church.

67.     The Church had the right to control the content of Mata's seminars.

68.     Officers and directors of the Church participated in Mata's seminars.

69.     The Church required its members to participate in Mata's seminar.

10

**CLASS ACTION COMPLAINT**

70.    The Church told its members to invest their money with Mata.

71.    Mata was paid by the Church as an agent to conduct his financial seminars.

72.    Mata shared the proceeds of his seminars with the Church.

73.    Materials used to advertise Mata's seminars included the Church's logo and likeness.

74.    Mata was a member of the Church "Elders Board."

75.    Despite complaints from members, Caroll and other church leaders ratified Mata's actions.

76.    The Church required participating in Mata's seminars for the apparent purpose of growing Mata's client base and giving him more potential victims.

77.    Carroll and other Church leaders used their moral authority over the members to funnel victims to Mata.

78.    Using the power, authority and trust of his position as spiritual advisor and authority figure to Plaintiffs, the Church enticed, induced, directed, and coerced Plaintiffs to engage in financial abuse and exploitation by Mata.

**VI.    CLAIMS**

**COUNT I**

**NEGLIGENCE- *RESPONDEAT SUPERIOR***

79.    Plaintiffs incorporate and reallege paragraphs 1 through 78 as though fully stated herein.

80.    At all relevant times hereto, Mata was the agent of Water of Life and acting within the scope of his authority.

81.    Defendant had a duty, by its agents, apparent agents, and employees, to exercise toward Plaintiffs and Class Members, due and proper care and financial advice in and about the services rendered them so as not to financially harm Plaintiffs and Class Members.

11

82.    Mata owed Plaintiffs and Class Members a duty of reasonable care as a financial advisor not to convert assets entrusted to him.

83.    Defendant was negligent in its provision of financial guidance to the Plaintiffs and Class Members in one or more of the following respects:

a.    Converting invested funds for his own use;

b.    Soliciting investments in unregistered funds;

c.    Engaging in illegal investment advisory arrangements; and

d.    Otherwise careless and negligent with Plaintiffs and Class Members' funds.

84.    The actual, direct, and proximate cause of Plaintiffs and Class Members losses was Defendant's breach of the basic duties owed to Plaintiffs.

85.    Claiborne and Haver-Habib lost 100% of their investment with Mata totaling $1,240,000 as a direct and proximate result of the negligence acts and omissions described above.

## COUNT II

## NEGLIGENCE-DIRECT

86.    Plaintiffs incorporate and reallege paragraphs 1 through 78 as though fully stated herein.

87.    Water of Life, by and through its agents, servants and employees, knew or reasonably should have known of Mata's exploitive propensities and/or that Mata was an unfit agent.

88.    Water of Life had duty or ordinary care to investigate and then not retain Mata as a financial advisor for the Church given his well-documented history of financial crimes detailed above.

89.    Water of Life negligently retained and/or failed to supervise Mata in the position of trust and authority as a Church Elder and financial advisor where he was able to commit the wrongful acts against the Plaintiffs and Class Members.

/ / /

12

**CLASS ACTION COMPLAINT**

90.     Defendant failed to provide reasonable supervision of Mata, failed to use reasonable care in investigating Mata and failed to provide adequate warning to Plaintiffs regarding Mata's dangerous propensities and unfitness.

91.     Water of Life would have learned of these regulatory actions had conducted a reasonable background check or due diligence.

92.     It is foreseeable that allowing Mata to deliver financial seminars would result in the harms and losses described above.

93.     As a direct and proximate result of the negligent hiring and failure to supervise, Plaintiffs suffered substantial losses of funds invested with Mata.

## COUNT III

## (VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT ("CLRA"), CAL. CIV. CODE § 1750, *ET SEQ.*)

94.     Plaintiffs incorporate and reallege paragraphs 1 through 78 as though fully stated herein.

95.     Water of Life is a "person" as defined by the CLRA. Cal. Civ. Code § 1761(c).

96.     Financial advising is a service "Services" as defined by the CLRA. Cal. Civ. Code § 1761(b).

97.     Plaintiffs and Class Members are "consumers" within the meaning of the CLRA. Cal. Civ. Code § 1761(d).

98.     By failing to disclose Mata was unfit to serve as a financial advisor Water of Life violated Cal. Civ. Code § 1770(a)(7) because the services provided by Mata were not of the standard offered.

99.     Water of Life's unfair and deceptive acts or practices occurred repeatedly in the Church's course of trade or business, were material, were capable of deceiving a substantial

13

portion of the purchasing public, and imposed a safety risk on the public.

100.    Water of Life knew or should have known Mata was a danger to its members due to his very public history of financial crimes.

101.    Water of Life was under a duty to Plaintiffs and Class Members to disclose the Mata's failings.

102.    Plaintiffs and Class Members could not reasonably have been expected to discover Mata's failings when he was being promoted by their spiritual advisors.

103.    In failing to disclose Mata's failings as detailed above, Water of Life knowingly and intentionally concealed material facts and breached its duty not to do so.

104.    The facts concealed or not disclosed by Water of Life to Plaintiffs and Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether or not to trust Mata as a financial advisor.

105.    Plaintiffs and Class Members are reasonable consumers who do not expect financial advisors employed by their church to give seminars in their church to be crooks.

106.    As a result of the Church's conduct, Plaintiffs and Class Members have been harmed and have suffered actual damages as a result of being robbed by Mata.

107.    As a direct and proximate result of Water of Life's unfair or deceptive acts or practices, Plaintiffs and Class Members have suffered and will continue to suffer actual damages.

108.    Plaintiffs and the Class are entitled to equitable relief.

109.    Plaintiffs have provided Water of Life with proper notice of its alleged violations of the CLRA pursuant to Cal. Civ. Code § 1782(a), via a letter sent to Water of Life and its registered service agent on March 21, 2107. Water of Life failed to provide the appropriate relief for its violation of the CLRA within 30 days of the date of the notification letter. (Plaintiffs' notice letter is attached hereto as Exhibit "B").

14

**CLASS ACTION COMPLAINT**

110.    Thus, pursuant to Cal. Civ. Code § 1782(a), Plaintiffs seek actual statutory, and punitive damages in addition to equitable relief.

## COUNT IV

## (VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE § 17200, *ET SEQ*.)

111.    Plaintiffs incorporate and reallege paragraphs 1 through 78 as though fully stated herein.

112.    Plaintiffs bring this cause of action for themselves and on behalf of Class Members.

113.    California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." Water of Life engaged in conduct that violated each of this statute's three prongs.

114.    Water of Life committed an unlawful business act or practice in violation of Cal. Bus. & Prof. Code § 17200, et seq., when it violated the CLRA as alleged above.

115.    Water of Life committed unfair and fraudulent business acts and practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq*., when it affirmatively misrepresented, actively concealed, and/or failed to disclose the fact that Mata was not licensed to sell securities or to provide investment advice, was not competent to teach the classes at the Church, that the investments at issue were unregistered securities, and that his conduct was illegal. Specifically, Water of Life represented to its members that Mata was a trustworthy financial advisor when in fact he was nothing more than crook.

116.    Water of Life committed unfair and fraudulent business acts and practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq*., when Mata converted Plaintiffs money to his own personal use in unregistered securities by encouraging its members to participate in financial planning with a known crook.

**CLASS ACTION COMPLAINT**

117.     Water of Life's unfair or deceptive acts or practices occurred repeatedly in the course of Water of Life's trade or business, and were capable of deceiving a substantial portion of its membership.

118.     As a direct and proximate result of Water of Life's unfair and deceptive practices, Plaintiffs and Class Members have suffered and will continue to suffer actual damages.

119.     As a result of its unfair and deceptive conduct, Water of Life has been unjustly enriched and should be required to make restitution to Plaintiffs and Class Members pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17204.

## VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class as defined herein, respectfully request that this Court enter a judgment against WATER OF LIFE COMMUNITY CHURCH and in favor of Plaintiffs and the Class, and grant the following relief:

A.     Determine that this action may be maintained and certified as a class action on a nationwide, statewide, and/or multistate basis under Rule 23(b)(1), 23(b)(2) and/or 23(b)(3); or alternatively, certify all questions, issues and claims that are appropriately certified under 23(c)(4); and that it designate and appoint Plaintiffs as Class Representatives, and appoint Class Counsel under Rule 23(g).

B.     Award Plaintiffs and Class members their actual, compensatory and/or statutory damages, according to proof;

C.     Award Plaintiffs and Class members their reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest;

D.     Award Plaintiffs and Class members such other, further and different relief as the case may require; or as determined to be just, equitable, and proper by this Court.

/ / /

**CLASS ACTION COMPLAINT**

VIII.      **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all claims so triable, individually and on behalf of the

Class.

DATED:  April 21, 2017

By: /s/ Joshua B. Kons
    Joshua B. Kons
    Attorneys for Plaintiffs

Joshua B. Kons, Esq. (Cal Bar No. 244977)
LAW OFFICES OF JOSHUA B. KONS, LLC
939 West North Avenue, Suite 750
Chicago, Illinois 60642
PH: (312) 757-2272
joshuakons@konslaw.com

Andrew Stoltmann, Esq.
*Pro Hac Vice Pending*
STOLTMANN LAW OFFICES, P.C.
10 S. LaSalle Street, Suite 3500
Chicago, Illinois 60603
PH: (312) 332-4200
andrew@stoltlaw.com

Alexander N. Loftus, Esq.
*Pro Hac Vice Pending*
STOLTMANN LAW OFFICES, P.C.
10 S. LaSalle Street, Suite 3500
Chicago, Illinois 60603
PH: (312) 332-4200
alex@stoltlaw.com

*Attorneys for Plaintiffs and the Proposed Class*

**CLASS ACTION COMPLAINT**